IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAVOLINA GONZALES, *by and through Next Friend Lisa Howell*, | § § § | |
| Petitioner, | § § | |
| v. | § § | 1:26-CV-205-RP-SH |
| SHERIFF OF HAYS COUNTY, | § § | |
| Respondent. | § § | |

## ORDER

Before the Court is the above-styled cause of action. On January 28, 2026, the Court received a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). The Petition is purportedly brought on behalf of Petitioner Pavolina Gonzales ("Petitioner") through her Next Friend Lisa Howell ("Howell"). (*Id.* at 1). The Petition was written and signed by Howell as "attorney-in fact and next friend." (*Id.* at 1, 9). Howell states that she is Petitioner's wife and that on January 26, 2026, Petitioner "executed and notarized a formal Power of Attorney within the Hays County Jail." (*Id.* at 10).

Though the federal habeas statute allows for a petition for writ of habeas corpus to be "signed and verified by the person for whose relief it is intended *or by someone acting in [her] behalf*," 28 U.S.C. § 2242, the Supreme Court has made clear that standing to proceed on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Rather, the "burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* Howell therefore has the burden to explain why she meets two prerequisites: (1) "an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest," i.e., Petitioner, "cannot appear on [her] own behalf to prosecute the action," and (2) an explanation for

1

why she is "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate" and has a "significant relationship with the real party in interest." *Id.* at 163–64. *See also Lovelace v. Lynaugh*, 909 F.2d 1136, 1137 (5th Cir. 1987) ("'Next friend' petitions are permitted only if it is clearly demonstrated that the individual is unable to seek relief on his own behalf or is mentally incompetent to do so.").

Here, Howell has alleged that Petitioner is her spouse. (Pet., Dkt. 1, at 10). The Court will therefore assume that she established that she is "truly dedicated" to Petitioner's best interests and has a "significant relationship" with Petitioner. *See id.* Howell has not, however, explained why Petitioner herself cannot bring this habeas action (e.g., that Petitioner has a mental disability making her legally incompetent). Courts throughout the country routinely deny next friend status to family members of incarcerated individuals when the prospective next friend fails to show, with evidentiary support, that the petitioner cannot represent herself. *See, e.g.*, *United States v. Barrandey*, No. MO:11-CR-482-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (denying next friend status to a petitioner's husband because he had "failed to produce evidence clearly demonstrating the petitioner's incompetence"); *Myran v. Clark*, No. 1:11-CV-677, 2011 WL 7110227, at *1 (E.D. Tex. Dec. 9, 2011), *report and recommendation adopted sub nom. Myran v. Judge Clark of Orange Cnty.*, No. 1:11-CV-677, 2012 WL 254695 (E.D. Tex. Jan. 27, 2012) (same).

Additionally, though Howell seems to argue that she can bring this action as Petitioner's spouse and because she has "power of attorney," an executed power of attorney does not authorize a non-lawyer to file a habeas corpus petition without being granted next friend status by a court. *See Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (holding that an executed power of attorney "cannot alone transform" someone "into a 'next friend'" and does not invest someone with the authority to act as an attorney); *Conely v. Lee*, No. A-14-CA-242-SS, 2014 WL 2722727, at *2 (W.D. Tex. June 13, 2014) ("A person may represent herself, but the law does not allow her to act as an attorney for others, even under a power of attorney.").

Unless Howell is able to set forth "an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider" the habeas petition at issue. *Weber*, 570 F.2d at 514. Thus, if Howell still desires to pursue this action on Petitioner's behalf, she must file a response explaining why Petitioner cannot prosecute her case herself at this time. If Howell fails to clearly demonstrate that Petitioner is unable to seek relief on her own behalf, or if Howell fails to timely respond to this Order, the Court will dismiss this case. *See* Fed. R. Civ. P. 41(b) (action may be dismissed for want of prosecution or failure to comply with court order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district court has authority to dismiss case for want of prosecution or failure to comply with court order); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (the court must dismiss a case for lack of subject matter jurisdiction).

Accordingly, **IT IS ORDERED** that Howell shall show cause in writing as to why she should be granted "next friend" status **on or before February 26, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiff and to Lisa Howell via certified mail, return receipt requested:

Pavolina Gonzales
910451
Hays County Jail
1307 Uhland Rd
San Marcos, TX 78666

Lisa Howell
6934 E. Ben White Blvd., Apt. 12108
Austin, TX 78741

**SIGNED** on February 5, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

3