# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **Pavolina Gonzales,** *by and through* *Next Friend Lisa Howell,*<br>*Petitioner*<br><br>**v.**<br><br>**Sheriff of Hays County,**<br>*Respondent* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 1:26-cv-00205-RP-SH** |

## <u>ORDER AND REPORT AND RECOMMENDATION</u>
## <u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

**TO:    THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Now before the Court are Petitioner Pavolina Gonzales' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed January 28, 2026 (Dkt. 1); Emergency Motion for Immediate Release Pursuant to Order to Show Cause, filed February 12, 2026 (Dkt. 7); Motion for Extension of Time to Respond to Court Order, filed February 23, 2026 (Dkt. 11); and Emergency Notice to the Court and Demand for Immediate Release, filed March 16, 2026 (Dkt. 20).[1]

### I.    Background

Gonzales is a state pretrial detainee in Hays County Jail who filed her Petition through next friend Lisa Howell. Dkt. 1. On February 5, 2026, the District Court issued an Order stating that if Howell could not set forth "an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider" the Petition. Dkt. 4 at 3 (quoting *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)). The District Court ordered Howell to file a

---

[1] The District Court referred to this Magistrate Judge all non-dispositive pretrial matters for disposition and all case-dispositive motions for findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 2.

response "explaining why Petitioner cannot prosecute her case herself at this time. If Howell fails to clearly demonstrate that Petitioner is unable to seek relief on her own behalf, or if Howell fails to timely respond to this Order, the Court will dismiss this case." *Id.*

Among other documents, Howell timely filed two responses (Dkt. 6; Dkt. 12) and a motion for extension of time to submit a response from Gonzales (Dkt. 11). Gonzales filed three responses, on March 13 (Dkt. 19), March 19 (Dkt. 22), and March 23, 2026 (Dkt. 24), as well as two emergency notices to the Court (Dkt. 18; Dkt. 23).

This Magistrate Judge **GRANTS** Howell's motion for extension of time to respond (Dkt. 11) and considers all of her and Gonzales' arguments in response to the Order to Show Cause.

## II.    Analysis

The Court has a continuing obligation to assure itself of its own subject matter jurisdiction, including Article III standing. *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

To establish standing, the next friend bears the burden to provide (1) an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the Petitioner cannot appear on her own behalf to prosecute the action, and (2) an explanation for why she is "'truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate' and has a 'significant relationship with the real party in interest.'" Dkt. 4 at 1-2 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

Inaccessibility can be based on the petitioner's physical inaccessibility, *Hamdi v. Rumsfeld*, 542 U.S. 507, 512 (2004), or the petitioner's inability to access the Court, *Santos v. Merrick*, No. SA-25-CA-01765-XR, 2026 WL 300786, at *2 (W.D. Tex. Jan. 30, 2026). A petitioner may be unable to access the court because of a language barrier or a lack of education or understanding

of the law. *Collmorgen v. Lumpkin*, No. 4:22-CV-1971, 2023 WL 6388551, at \*5-6 (S.D. Tex. Sept. 30, 2023). A petitioner's ability to file coherent documents shows she can prosecute the case on her own. *Rumbaugh v. Procunier*, 753 F.2d 395, 403 (5th Cir. 1985); *Allen-Straight v. Texas*, No. 3:23-cv-1087-B-BH, 2023 WL 4828407, at \*2 (N.D. Tex. July 10, 2023), *R. & R. adopted*, 2023 WL 4826219 (N.D. Tex. July 26, 2023).

Howell asserts that Gonzales cannot appear on her own behalf because she faces a "procedural disability" created by the conditions of her confinement that renders the Court inaccessible. Dkt. 12 at 1. Howell contends that Gonzales lacks access to legal resources, including the electronic filing system and a law library "sufficient to meet federal standards." Dkt. 12 at 1. She also alleges that jail staff have denied her requests for habeas corpus petition forms. Dkt. 6 at 1.

Gonzales has filed multiple notices and responses to the Show Cause Order citing legal authority and grounds in support of her Petition. Dkt. 18; Dkt. 19; Dkt. 22; Dkt. 23; Dkt. 24. This Magistrate Judge finds that her filings are coherent and show an understanding of the legal process, so Howell has not shown that Gonzales cannot access the Court. *Allen-Straight*, 2023 WL 4828407, at \*2; *see also Pinkston v. Smith*, No. 3:15CV786-CWR-MTP, 2015 WL 7289501, at \*2 (S.D. Miss. Nov. 17, 2015) (finding that lack of access to a law library did not make court inaccessible). Howell also admits that Gonzales is mentally competent and alleges no physical or mental disability preventing her from appearing on her own behalf or signing and verifying the Petition prepared by Howell. Dkt. 12 at 1.

Because Howell has not shown that Gonzales cannot appear on her own behalf to prosecute this action, the Court finds that she has not established standing to proceed as next friend. Without next friend standing, the Court lacks subject matter jurisdiction to consider the Petition signed and verified by Howell, and this Magistrate Judge recommends that the District Court dismiss it.

### III.  Order and Recommendation

This Magistrate Judge:

- **GRANTS** Petitioner's Motion for Extension of Time to Respond to Court Order (Dkt. 11), and

- **RECOMMENDS** that the District Court **DISMISS without prejudice** Petitioner's Petition for Habeas Corpus under 28 U.S.C. § 2241 filed by "Next Friend" Lisa Howell (Dkt. 1) and **DENY** Petitioner's Emergency Motion for Immediate Release Pursuant to Order to Show Cause (Dkt. 7) and Emergency Notice to the Court and Demand for Immediate Release (Dkt. 20).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 31, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4