IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PAVOLINA GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-205-RP |
| | § | |
| SHERIFF OF HAYS COUNTY, | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

Before the Court is Petitioner Pavolina Gonzales's ("Petitioner") Petition for Writ of Habeas Corpus filed through purported Next Friend Lisa Howell ("Howell"), Petitioner's wife, (Dkt. 1); Emergency Motion for Immediate Release Pursuant to Order to Show Cause, filed February 12, 2026, (Dkt. 7); Motion for Extension of Time to Respond to Court Order, filed February 23, 2026, (Dkt. 11); and Emergency Notice to the Court and Demand for Immediate Release, filed March 16, 2026, (Dkt. 20). The case was referred to United States Magistrate Judge Susan Hightower for findings and recommendations, pursuant to 28 U.S.C. § 636(b). (Standing Order, Dkt. 2). Judge Hightower filed her Report and Recommendation on April 1, 2026. (Dkt. 25). In her Report and Recommendation, Judge Hightower recommends that the Court dismiss Petitioner's Petition for Habeas Corpus under 28 U.S.C. § 2241 filed by "Next Friend" Lisa Howell and deny Petitioner's Emergency Motion for Immediate Release Pursuant to Order to Show Cause, (Dkt. 7), and Petitioner's Emergency Notice to the Court and Demand for Immediate Release, (Dkt. 20). (*Id.*). Howell timely filed objections to the Report and Recommendation, arguing that she may properly act as Next Friend in this action. (Objs., Dkt. 29).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and

recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Howell timely objected to the Report and Recommendation, the Court reviews the Report and Recommendation *de novo*. Having done so, the Court overrules Howell's objections and adopts the Report and Recommendation as its own order, but modifies it in part.

Though the federal habeas statute allows for a petition for writ of habeas corpus to be "signed and verified by the person for whose relief it is intended *or by someone acting in [her] behalf*," 28 U.S.C. § 2242, the Supreme Court has made clear that standing to proceed on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Rather, the "burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* Howell therefore has the burden to explain why she meets two prerequisites: (1) "an adequate explanation— such as inaccessibility, mental incompetence, or other disability—why the real party in interest," i.e., Petitioner, "cannot appear on [her] own behalf to prosecute the action," and (2) an explanation for why she is "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate" and has a "significant relationship with the real party in interest." *Id.* at 163–64. *See also Lovelace v. Lynaugh*, 909 F.2d 1136, 1137 (5th Cir. 1987) ("'Next friend' petitions are permitted only if it is clearly demonstrated that the individual is unable to seek relief on his own behalf or is mentally incompetent to do so.").

For the reasons described in the Report and Recommendation, Howell has not met her burden to show that Petitioner cannot bring this habeas action herself. Given that Petitioner has filed multiple filings in support of herself, (*see* Dkts. 18, 19, 22, 23, 24), Howell has not shown that Petitioner cannot access the Court. *See United States v. Barrandey*, No. MO11CR000482RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) ("Courts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the

prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence.").

**Additionally, Howell does not address the fact that, even if she were granted next friend status, she still may not act as Petitioner's attorney**. *See Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) ("[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law."). *See also Banks as next friend of Waymer v. Eddy*, 801 F. App'x 50, 51 (3d Cir. 2020) (holding that a non-attorney cannot represent another party, even if granted next friend status); *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (same); *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (same). Nor does being granted "power of attorney" by Petitioner give Howell the authority to participate in the unauthorized practice of law. *See Dutschmann v. City of Waco*, No. 6:22-CV-00094-ADA-JCM, 2022 WL 837498, at *1 (W.D. Tex. Jan. 27, 2022) (citations omitted) (explaining that a "power of attorney relationship between a plaintiff and the non-attorney appearing on her behalf does not change" the principle that a non-attorney "may not appear on another's behalf in the other's cause"); *Hill v. First Fin. Bank Shares*, No. 1:17-CV-0025-BL, 2017 WL 838267, at *2 (N.D. Tex. Mar. 2, 2017) (same).

As such, the Court will dismiss the Petition for Writ of Habeas Corpus, (Dkt. 1), without prejudice to refiling. *Morgan v. Texas*, 251 F. App'x 894, 896 n.2 (5th Cir. 2007) (noting that dismissal without prejudice is the proper remedy when a non-attorney attempts to bring claims on behalf of others). The Court will also deny the pending motions in this case, (Dkts. 7, 20, 27), as they were improperly filed by a non-attorney. Should Petitioner wish to continue bringing this habeas action, she may either refile a petition for writ of habeas corpus on her own behalf (i.e., *pro se*) or refile a petition for writ of habeas corpus through a licensed attorney. The Court will set a deadline for her to do so.[1]

---

[1] Petitioner may file a motion for an extension of time within which to file this petition if necessary.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 25), is **ADOPTED**, **as modified above**. Petitioner's Petition for Writ of Habeas Corpus filed through purported Next Friend Lisa Howell, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Emergency Motion for Immediate Release, (Dkt. 7), Emergency Notice to the Court and Demand for Immediate Release, (Dkt. 20), and Omnibus Motion for Order to Show Cause and Dismissal of Charges, (Dkt. 27), which were filed improperly by a non-attorney, are **DENIED**.

**IT IS FINALLY ORDERED** that Petitioner may refile a petition for writ of habeas corpus *pro se* or through a licensed attorney on or before **May 22, 2026**.

**SIGNED** on April 30, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4