IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

PAVOLINA GONZALES,  §
§
Petitioner,  §
§
v.  §                    1:26-CV-205-RP
§
SHERIFF OF HAYS COUNTY,  §
§
Respondent.  §

### ORDER

Petitioner Pavolina Gonzales, proceeding *pro se*,[1] ("Petitioner") filed this habeas action seeking a "writ of habeas corpus ordering [her] immediate release . . . from Hays County Jail." (Pet., Dkt. 1, at 8). She also asked the Court to "[d]ismiss with prejudice the three alleged felony charges," "[v]acate the fraudulent $30,000 bond," and "[o]rder accountability to be taken." (*Id.*). Petitioner has now filed a notice stating that she has recently been "release[d] from physical custody." (Notice, Dkt. 47, at 2). She also asks the Court to "enforce[] the Supremacy Clause of the United States Constitution against ongoing local county obstruction, and grant[] [her] immediate emergency habeas corpus relief." (*Id.* at 5).

Given that the primary relief sought by Petitioner—release—has occurred, an order from the Court granting her release would now be moot.[2] *See Bailey v. Southerland*, 821 F.3d 277, 278 (5th Cir. 1987) ("The main thrust of [the petitioner's] petition is to be released from his confinement.

---

[1] This action was initially filed by purported Next Friend Lisa Howell ("Howell"), Petitioner's wife. The Court ruled that Howell had not met her burden to demonstrate that Petitioner required a "next friend" to bring this habeas action. (Order, Dkt. 38, at 2–3). Moreover, the Court explained that even those granted next-friend status may not act as an attorney. (*Id.* at 3 (citing *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978)). Petitioner thereafter chose to proceed *pro se* and "adopted" the prior filings in this case. (*See* Dkt. 42, at 3; Dkt. 47, at 1).

[2] The Court also notes that Plaintiff did not properly administratively exhaust her state-level remedies. (*See* Pet., Dkt. 1, at 3). *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 490–91 (1973) (explaining that writs of habeas corpus cannot be brought in federal court until the petitioner has exhausted their state-level remedies).

Because [the petitioner] was released in April 1986, however, this court can no longer provide him with that relief."); *Spencer v. Kemna*, 523 U.S. 1, 7, 13–14 (explaining that a habeas action is moot where the petitioner is no longer in custody and there are no alleged "collateral consequences" of the custody). When a case is moot, a federal court no longer has jurisdiction over the case and must dismiss it without prejudice. *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998).

Moreover, the other relief sought by Petitioner—to the extent such relief may be sought through a petition for a writ of habeas corpus—would amount to the Court interfering with pending state criminal proceedings, such that the doctrine of *Younger* abstention applies. Under *Younger* abstention, federal courts are meant to abstain from hearing a case when "assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *La. Debating & Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir. 1995) (citation omitted). The federal court must analyze: "(1) whether the state proceedings 'constitute an ongoing state judicial proceeding;' (2) whether the proceedings 'implicate important state interests;' and (3) whether there is 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Id.* at 1490 (quoting *New Orleans Pub. Serv., Inc. v. City of New Orleans*, 798 F.2d 858, 863–64 (5th Cir. 1986)). Here, all three elements are met: (1) Petitioner's criminal prosecution is a state judicial proceeding; (2) the State has "a strong interest in enforcing its criminal laws,'" *DeSpain v. Johnston*, 731 F.2d 1171, 1176 (5th Cir. 1984), and (3) Petitioner—who has court-appointed counsel for her criminal case—may raise any constitutional challenges in her state-court proceedings, either at the district-court level or on appeal.[3] Additionally, Petitioner has not met her burden to make a "showing of bad faith or intent to harass" by the State. *See id.* Accordingly, to the extent Petitioner may seek such relief through a federal habeas action, the Court must abstain

---

[3] *See also Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (stating that federal habeas relief is not available to "dismiss an indictment or otherwise prevent a prosecution" to avoid interference with pending state criminal proceedings).

from asserting jurisdiction under *Younger* abstention. The Court will dismiss Petitioner's Petition for Writ of Habeas Corpus without prejudice for lack of jurisdiction.

Accordingly, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **DISMISSED** without prejudice for lack of jurisdiction.

**SIGNED** on June 30, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE